**Miroslav KRPELJEVIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–3630.

United States Court of Appeals, Sixth Circuit.

June 25, 2003.

Before: BOGGS and GILMAN, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Miroslav Krpeljevic, a native of the former Republic of Yugoslavia and a citizen of Croatia, petitions for review of a Board of Immigration Appeals order that affirmed the decision of the Immigration Judge to deny Krpeljevic's application for asylum or withholding of deportation, pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Krpeljevic entered the United States without inspection in August 1995. He conceded deportability and applied for political asylum and for withholding of deportation. Krpeljevic alleged that he had been beaten for intervening on the behalf of Serb friends from his village. In a January 15, 1997, decision, the Immigra-

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio sitting by designation.

tion Judge found that Krpeljevic was ineligible for asylum or withholding of deportation because he failed to establish past persecution or a well-founded fear of persecution because of nationality or political opinion. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision on May 6, 2002. Krpeljevic filed a timely petition for review.

In his petition for review, Krpeljevic argues that the BIA erred by finding that he failed to demonstrate eligibility for asylum or withholding of deportation on account of his political opinion because the beating he suffered was on account of his political opinion and he has a well-founded fear of persecution.

This court reviews a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because it would have decided the case differently. *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude that the petition for review must be denied because the Immigration Judge's decision is supported by substantial evidence. Krpeljevic testified that he grew up in a village that was home to both Croats and Serbs. After the collapse of the former Republic of Yugoslavia, Croatia asserted its independence. In 1991, Krpeljevic was forced to join a military group formed to defend his village. Another military group, the Marcipova Jedinica, had the goal of searching villages in order to locate Serbs and prevent them from fighting against the Croats. Krpeljevic witnessed members of the Marcipova Jedinica beating two Serbs he knew from his village. Krpeljevic in-

terceded on their behalf and convinced the Marcipova Jedinica to release them. Three days later, members of the Marcipova Jedinica beat Krpeljevic until he passed out. Krpeljevic fled to Germany. He remained there for four years, but was denied asylum. Krpeljevic entered the United States and applied for asylum in 1995. According to Krpeljevic, two members of the Marcipova Jedinica now hold posts in the Croatian police and army, and he fears they will persecute him if he returns.

The Immigration Judge did not err by finding that Krpeljevic failed to establish past persecution or a well-founded fear of future persecution. *See Gumbol v. INS,* 815 F.2d 406, 412–13 (6th Cir.1987); 8 C.F.R. § 208.13(b)(2). The Immigration Judge noted that the incident relied upon by Krpeljevic was a one-time incident, that Krpeljevic was not seriously injured, and that the attack was not the result of political activities, but because Krpeljevic was protecting his Serb friends. A review of the record confirms that the Immigration Judge's decision is supported by substantial evidence. *See Mikhailevitch,* 146 F.3d at 388. Although a reasonable factfinder might have decided the case differently, Krpeljevic's evidence was not so strong that a factfinder would be compelled to find the requisite fear of persecution. *See Elias–Zacarias,* 502 U.S. at 481, 484. Because Krpeljevic did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Kratchmarov v. Heston,* 172 F.3d 551, 555 (8th Cir.1999).

Krpeljevic's argument that the beating he suffered was on account of his political opinion and supports a well-founded fear of future persecution is not persuasive. Krpeljevic maintains that, because his act of helping the Serbs was in defiance of

**630**

Marcipova Jedinica political policy, his beating was based on his political opinion. Even if this were true, both Krpeljevic's action on the Serbs' behalf and the Marcipova Jedinica's retaliation appear to have been isolated incidents. Krpeljevic was unable to point to any other political activities on his part or acts of persecution on the part of those now in power in Croatia.

For the foregoing reasons, we deny Krpeljevic's petition for review.